*E-Filed 11/9/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY GRAY,

    Plaintiff,

v.

D. BRIGHT, et al.,

    Defendants.

No. C 15-3277 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 in which he alleges that his jailors at Soledad State Prison violated his Eighth Amendment rights when they refused his request for single-cell housing. Upon review of his complaint under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff has failed to state a claim for relief. The complaint is DISMISSED with leave to file an amended complaint on or before December 21, 2016.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a right secured by the Constitution or laws of the United States was violated, and   (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that his jailors violated his Eighth Amendment rights when they declined his request to be housed alone. He asserts that such housing is necessary because his snoring, caused by sleep apnea, irritates his cell mates. This irritation once caused a fight between plaintiff and one cell mate, who both were later found guilty of a rules violation and housed separately. Single-cell housing, plaintiff asserts, would protect him from such attacks. It appears that plaintiff has received a CPAP (Continuous Positive Airway Pressure) ventilator, a device which should minimize if not eliminate his snoring.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other

prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Plaintiff's allegations do not meet these standards. He cites a single instance of being attacked by another inmate, and has put forth no facts indicating that future attacks are possible, much less that they are likely. That one inmate may have been more sensitive than others, or may have been motivated by other reasons specific to him. Furthermore, the likelihood of attack is greatly reduced by plaintiff's use of a CPAP ventilator. Because these allegations do not show a reasonable likelihood that he is in danger of future attacks, defendants' refusal does not amount to a failure to protect. In sum, he fails to show "more than a sheer possibility that [ ] defendants ha[ve] acted unlawfully." *Iqbal*, 129 U.S. at 1949.

## CONCLUSION

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before December 21, 2016. The amended complaint must include the caption and civil case number used in this order (15-3277 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 9, 2015

_____
RICHARD SEEBORG
United States District Judge