1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*E-Filed 11/17/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY GRAY,

          Plaintiff,

    v.

D. BRIGHT, et al.,

          Defendants.

_____/

No. C 15-3277 RS (PR)

**AMENDED ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

      Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 in which he alleges that his jailors at Soledad State Prison violated his Eighth Amendment rights when they refused his request for single-cell housing.  Upon review of his complaint under 28 U.S.C. § 1915A(a), the Court concludes that plaintiff has failed to state a claim for relief.  The complaint is DISMISSED with leave to file an amended complaint on or before December 21, 2015.

**DISCUSSION**

**A.    Standard of Review**

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

2    be granted or seek monetary relief from a defendant who is immune from such relief. *See id.*

3    § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

4    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5         A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

6    to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

7    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

8    plausibility when the plaintiff pleads factual content that allows the court to draw the

9    reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

10   *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions

11   cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

12   the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

13   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:    (1)

14   that a right secured by the Constitution or laws of the United States was violated, and    (2)

15   that the alleged violation was committed by a person acting under the color of state law. *See*

16   *West v. Atkins*, 487 U.S. 42, 48 (1988).

17   **B.    Legal Claims**

18        Plaintiff alleges that his jailors violated his Eighth Amendment rights when they

19   declined his request to be housed alone. He asserts that such housing is necessary because

20   his snoring, caused by sleep apnea, irritates his cell mates. This irritation once caused a fight

21   between plaintiff and one cell mate, who both were later found guilty of a rules violation and

22   housed separately. Single-cell housing, plaintiff asserts, would protect him from such

23   attacks. It appears that plaintiff has received a CPAP (Continuous Positive Airway Pressure)

24   ventilator, a device which should minimize if not eliminate his snoring.

25        The Eighth Amendment requires that prison officials take reasonable measures to

26   guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In

27   particular, prison officials have a duty to protect prisoners from violence at the hands of other

28

1   prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other

2   inmates or from dangerous conditions at the prison violates the Eighth Amendment when two

3   requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and

4   (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.

5   Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and

6   disregards an excessive risk to inmate health or safety by failing to take reasonable steps to

7   abate it. *Id.* at 837.

8         Plaintiff's allegations do not meet these standards. He cites a single instance of being

9   attacked by another inmate, and has put forth no facts indicating that future attacks are

10  possible, much less that they are likely. That one inmate may have been more sensitive than

11  others, or may have been motivated by other reasons specific to him. Furthermore, the

12  likelihood of attack is greatly reduced by plaintiff's use of a CPAP ventilator. Because these

13  allegations do not show a reasonable likelihood that he is in danger of future attacks,

14  defendants' refusal does not amount to a failure to protect. In sum, he fails to show "more

15  than a sheer possibility that [ ] defendants ha[ve] acted unlawfully." *Iqbal*, 129 U.S. at 1949.

16  <div align="center">**CONCLUSION**</div>

17        Accordingly, the complaint is DISMISSED with leave to file an amended complaint

18  on or before December 21, 2015. The amended complaint must include the caption and civil

19  case number used in this order (15-3277 RS (PR)) and the words FIRST AMENDED

20  COMPLAINT on the first page. Because an amended complaint completely replaces the

21  previous complaints, plaintiff must include in his amended complaint all the claims he wishes

22  to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258,

23  1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed

24  waived. Plaintiff may not incorporate material from the prior complaint by reference.

25  Failure to file an amended complaint in accordance with this order will result in dismissal of

26  this action without further notice to plaintiff.

27

28

<div style="text-align: left; writing-mode: vertical-lr;">**United States District Court**<br>For the Northern District of California</div>

<div align="right">No. C 15-3277 RS (PR)<br>AMENDED ORDER DISMISSING COMPLAINT</div>

1    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

2 informed of any change of address by filing a separate paper with the clerk headed "Notice of

3 Change of Address."  He must comply with the Court's orders in a timely fashion or ask for

4 an extension of time to do so.  Failure to comply may result in the dismissal of this

5 action pursuant to Federal Rule of Civil Procedure 41(b).

6    **IT IS SO ORDERED**.

7 DATED:  November 17, 2015

8
                    RICHARD SEEBORG
                    United States District Judge

**United States District Court**
For the Northern District of California

No. C 15-3277 RS (PR)
AMENDED ORDER DISMISSING COMPLAINT

4