*E-Filed 4/6/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY GRAY,

    Plaintiff,

v.

D. BRIGHT, et al.,

    Defendants.

No. C 15-3277 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 in which he alleges that his jailors at Soledad State Prison violated his Eighth Amendment rights when they refused his request for single-cell housing. The original complaint was dismissed with leave to amend. Plaintiff since has filed a first amended complaint, which after a review under 28 U.S.C. § 1915A(a), is DISMISSED with leave to file an amended complaint on or before May 16, 2016.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

**1.  Original Complaint**

In the original complaint, plaintiff alleged that his jailors at Soledad State Prison violated his Eighth Amendment rights when they declined his request to be housed alone. Such housing was necessary, according to plaintiff, because his snoring, caused by sleep apnea, irritates his cellmate. This irritation once caused a fight between plaintiff and his former cellmate in December 2014, who both were later found guilty of a rules violation and housed separately. Single-cell housing, plaintiff asserts, would protect him from such attacks. In 2015, that is, after the attack, plaintiff received a Continuous Positive Airway Pressure ventilator ("CPAP") to treat his sleep apnea. The machine appears to be effective

because plaintiff reports no fights since he has used it.

The Court dismissed his Eighth Amendment claim because one fight did not show his jailors were deliberately indifferent. Furthermore, his CPAP would reduce or eliminate his snoring, thereby removing the possibility of an attack by a cellmate irritated by his snoring.

### 2. First Amended Complaint

In the first amended complaint, plaintiff realleges his Eighth Amendment claim. He also raises the new claim that his jailors discriminated against him because of his disability (sleep apnea), in violation of the Americans With Disabilities Act ("ADA").

#### 1. Eighth Amendment

Plaintiff alleges that the attack by his cellmate shows a likelihood of a future attack. He also alleges he has a declaration (not submitted to the Court) from an inmate who, according to plaintiff, asserts sleep apnea makes it "impossible" to be double-celled with another inmate. Not only is the snoring intolerable, but the CPAP is "too loud," according to plaintiff's characterization of the inmate's declaration. (Am. Compl. at 4.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Plaintiff's allegations do not meet these standards. He cites a single instance of being attacked by another inmate, an attack that occurred before he had his CPAP. One incident is insufficient to show a future attack was so likely that his jailors were deliberately indifferent

to his health or safety when they denied his housing request. Furthermore, the probative value of the fight decreases greatly when one considers that a CPAP will likely reduce or eliminate his snoring. In fact, plaintiff reports no attacks since he started using the CPAP. Also, his former cellmate may have been more sensitive than others, or he may have been motivated by other reasons specific to him.

His citation to a fellow inmate's declaration, which the Court has not seen, is unavailing. According to plaintiff's description of the inmate's statements, it does not indicate that violence will occur. Rather, it says merely that the CPAP is too loud and that living with another inmate is, without elaboration, "impossible." This is insufficient to show a future attack is likely.

Because these allegations do not show a reasonable likelihood that he is in danger of future attacks, defendants' refusal does not amount to a failure to protect. In sum, he fails to show "more than a sheer possibility that [ ] defendants ha[ve] acted unlawfully." *Iqbal*, 129 U.S. at 1949. Accordingly, plaintiff's Eighth Amendment claim is DISMISSED with leave to amend.

### 2. ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

A disability includes a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(1)(a). For purposes of section 12102(a), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

Plaintiff's allegations do not meet these standards. First, he has not alleged facts indicating that he has a disability. He simply declares, without elaboration, that sleep apnea is a disability. This "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). For his ADA claim to survive, plaintiff must allege specific facts. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 556 (citations omitted). In sum, in order for this claim to survive, plaintiff must plead specific facts showing how sleep apnea "substantially limits" a major life activity, such as sleeping.

Second, his allegations his jailors discriminated against him because of his disability are, like the above claim, conclusory and undetailed. Again, "formulaic recitations of the element of a cause of action" are insufficient. Accordingly, this claim is DISMISSED with leave to amend.

## CONCLUSION

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before May 16, 2016. The amended complaint must include the caption and civil case number used in this order (15-3277 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: April 6, 2016

RICHARD SEEBORG
United States District Judge